[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S APPLICATION FOR ATTORNEYS FEES AND PUNITIVE DAMAGES UNDER CUTPA
This case relates to the claims of the plaintiff against the defendant funeral director for his mishandling of the funeral and burial of plaintiff's deceased husband. The complaint consists of six counts alleging various legal theories of liability against the defendant including a claim that the defendant violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et. seq.
The matter was tried to a jury and they were instructed on plaintiff's claims of negligence, reckless conduct, intentional infliction of emotional distress, fraud, breach of contract and violations of CUTPA. The verdict form is paragraph 1, asked "Do you find for the plaintiff on Any One of the counts of the complaint which allege negligence, recklessness, intentional infliction of emotional distress, fraud or breach of contract?" The "Yes" box was checked.
The verdict form had a "Note" which read in part "(2) If you find liability under ANY ONE of the counts alleging recklessness, intentional infliction of emotional distress, or fraud, you may add punitive damages in an amount up to 1/3 of the compensatory damages. If you find for the plaintiff only as to negligence, you may not award punitive damages."
To the questions "what do you find to be fair, just and reasonable compensation for the plaintiff's injuries and damages?" the Jury responded $400,000.00. The last question on the verdict form was "Do you find for the plaintiff on the count of the complaint alleging a violation of Connecticut Unfair Trade Practice Act?" And the "yes" box was checked.
Based on the "yes" answer to this last question, the plaintiff has made an application for attorneys fees and punitive damages under CUTPA.
A hearing was held on this application where the parties presented CT Page 13520 arguments concerning the propriety and the amount of attorneys fees and punitive damages that should be awarded.
In addition comprehensive briefs were submitted by both sides and the plaintiff filed statements documenting, to various degrees of detail, the efforts of the attorneys that represented the plaintiff in this case from its initiation to its present status.
The degree of complexity of this case would classify it as routine. It basically related to a funeral directors shoddy and insensitive treatment of the plaintiff's husband's body and burial. The issues were not complicated and were well within the capacity of a reasonably experienced general practitioner. The complaint was revised two times, once by each law firm that represented the plaintiff after the original attorney who drafted the complaint was discharged. With minor changes, the revisions were a repeat of the original complaint.
The plaintiff seeks to have the defendant pay for the attorney's fees of all three firms that represented her during the course of this litigation. That would be appropriate if there was a demonstration that the nature of the case required that it was reasonably necessary that each law firm in turn met unique needs of the case that required a change in counsel. No such necessity appears. On the contrary it appears that the plaintiff was not satisfied with the representation she received from the first two firms and discharged them. There is even a suggestion that her confidence in her trial attorneys was questionable, since she filed a pro se appearance on March 26, 2001. Thus the "time and labor required" to date in this case is highly duplicative as a result of each law firm going over the same material to come up to speed. The defendant should not bear the expense of this duplication due to the plaintiff's dissatisfaction of her representation whether justified or unjustified.
On the other hand, the defendant did file voluminous motions at every stage of the pleadings and trial that did create time demands on each trial firm when representing the plaintiff. None of the issues raised were overly challenging legal issues, but still had to be attended to.
This court has considered the guidelines set out inJohnson v. Georgia Highway Express, Inc., 488 F.2d 717, which are appropriate for calculating reasonable attorneys fees:
(1) the time and labor required;
(2) the novelty and difficulty of the questions; CT Page 13521
(3) the skill requisite to perform the legal service properly;
 (4) the preclusion of other employment by the attorney due to acceptance of the case;
(5) the customary fee for similar work in the community;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the "undesirability" of the case;
 (11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.
After an examination of the nine folders that contain the contents of this case and the verifications of time spent by the various law firms the court awards attorneys fees as follows:
Gordon Scalo $12,000.00
 Sherman Richichi (Claiming an undocumented 1,000 billable hours) $75,000.00
Goldstein Peck $95,000.00
Total Award $182,000.00
The plaintiff also seeks punitive damages under CUTPA. In order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violations of those rights. Collens v. New Canaan Water Co., 155 Conn. 477,489, 234 A.2d 825 (1967). In fact, the flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence. Triangle Sheet Metal Works,Inc. v. Silver, 154 Conn. 116, 128, 222 A.2d (1966). Venturi v. Savitt,Inc., 191 Conn. 588, 592, 468 A.2d 933 (1983).
The actions of the defendant do not rise to acts of wanton and CT Page 13522 malicious injury, evil motive or violence. For the foregoing reasons, the court does not award punitive damages to the plaintiff.
STODOLINK, J.T.R.